UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDEN MCAFEE,

    Plaintiff,

    v.

IC SYSTEM, INC.,

    Defendant.

Case No. 1:24-cv-715

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

Plaintiff Branden McAfee, proceeding pro se, has once again sued Defendant IC System, Inc. (IC) for violating the Fair Debt Collection Practices Act (FDCPA). *See* 15 U.S.C. § 1692 et seq. And once again IC seeks dismissal of the action, this time arguing only that McAfee did not plausibly allege that the money owed is a "debt" as 15 U.S.C. § 1692a(5) defines the term. The Court agrees and therefore **GRANTS** Defendant's Motion to Dismiss (Doc. 4). Because the Court already provided McAfee an opportunity to cure the instant deficiency, the Court **DISMISSES** McAfee's Complaint (Doc. 1-3) **WITH PREJUDICE**.

## BACKGROUND

The facts supporting this FDCPA case are uncomplicated. McAfee alleges that, on July 19, 2024, IC sent him a text attempting to collect a debt he owed to Verizon Wireless. (Doc. 1-3, #17).[1] According to McAfee, that same day he responded by text, stating, "I don't have any money and I decline to pay this debt." (*Id.*). Several weeks

---

[1] McAfee's Complaint was initially filed with a missing page. The Court thus cites Document 1-3 as McAfee's operative Complaint, as that attachment includes the missing page.

later, on September 1, 2024, IC allegedly sent McAfee the same debt collection text it sent him in July. (*Id.* at #17–18, 22). McAfee argues that the content of his response to IC's first communication means that IC's second communication violated the FDCPA. (*Id.* at #17–18). So he brought this suit under 15 U.S.C. § 1692c(c). (*Id.* at #18–19).

But the instant Complaint isn't McAfee's first bite at the apple. He initially filed an almost identical complaint on September 3, 2024, under a different case number. (*See* Compl., *McAfee v. IC Sys., Inc.*, No. 1:24-cv-474 (S.D. Ohio Sept. 3, 2024), Doc. 1). In response, IC moved for judgment on the pleadings, arguing that McAfee failed to allege facts showing that McAfee was a "consumer," and that the money owed was a "debt" as 15 U.S.C. § 1692a defines those terms. *McAfee v. IC Sys., Inc.*, No. 1:24-cv-474, 2024 WL 5041024, at *1 (S.D. Ohio Dec. 9, 2024). The Court agreed in part. It concluded that McAfee had plausibly alleged the "consumer" element of his claim, but that his allegations fell short on the "debt" element. *Id.* at *3. So the Court dismissed McAfee's complaint without prejudice, noting that McAfee could have potentially cured that deficiency by alleging additional facts. *Id.* at *4.

McAfee apprised himself of that opportunity and filed this action on December 13, 2024. (Doc. 1-3). In his new Complaint, apparently attempting to cure the deficiency regarding the "debt" element, McAfee adds a new allegation—that the Verizon Wireless account at issue "was originally obtained for personal, family, and household purposes." (*Id.* at #16).

2

IC again seeks to cut this case off at the pass—this time filing a motion to dismiss in which it contends that the new allegation does not fix the previously identified problem. Specifically, it argues that the allegation merely parrots § 1692a(5)'s text without providing any actual facts. (Doc. 4, #27). In other words, IC says McAfee again failed to plausibly allege the "debt" element of his claim under the *Iqbal*/*Twombly* paradigm, and that the Court should thus dismiss his Complaint. (*Id.* at #28–29).

McAfee responded. (Doc. 7). He argues that the new allegation "cure[s] the deficiencies" and "iron[s] out all wrinkles" the Court noted in its previous Opinion and Order. (*Id.* at #41).

IC replied. (Doc. 8). So the motion is ripe.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While a "plausible" claim for relief does not require a showing of probable liability, it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must allege sufficient facts to allow the Court "to draw the reasonable inference that the defendant is liable." *Id.*

At the motion-to-dismiss stage, in assessing plausibility, the Court "must accept the complaint's well-pleaded factual allegations as true." *Lewis v. Acuity Real Est. Servs., LLC*, 63 F.4th 1114, 1116 (6th Cir. 2023); *Iqbal*, 556 U.S. at 678. And the

3

Court must "draw all reasonable inferences" in the plaintiff's favor. *Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024). But that does not mean the Court must take everything the plaintiff alleges at face value, no matter how unsupported. Rather, the Court may disregard "naked assertions" of fact or "formulaic recitations of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (cleaned up).

## LAW AND ANALYSIS

To state a claim under the FDCPA, McAfee must plead facts creating at least a plausible inference that (1) he is a consumer; (2) he incurred a debt; (3) IC is a debt collector; and (4) IC's conduct violated § 1692c(c)'s prohibitions. *See Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Williams v. Louisville Recovery Serv., LLC*, No. 24-5303, 2024 WL 4950167, at *2 (6th Cir. Dec. 3, 2024). IC argues that McAfee failed to plausibly allege the second element.

The Court agrees. Under the FDCPA, a "debt" is a monetary obligation incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). To clear the *Iqbal*/*Twombly* threshold, then, McAfee needed to allege *facts* that allow the Court to reasonably infer that the money owed on the Verizon account was tied to a personal, family, or household purpose. But he did not. Instead, McAfee now alleges that "[t]he Verizon Wireless account in question was originally obtained for personal, family, and household purposes." (Doc. 1-3, #16). But that's merely a "formulaic recitation" of the FDCPA's text, which the Court need not consider in analyzing the plausibility of his claim. *Iqbal*, 556 U.S. at 678 (cleaned up). True,

4

McAfee did attach a screenshot to his Complaint that says, "Statement Details," and lists "branden – Phone" with a corresponding phone number. (Doc. 1-3, #23). But that attachment in no way connects the relevant Verizon Wireless account to a personal, family, or household purpose. For one, the screenshot appears to be a Spectrum statement of account, not a Verizon statement. (*See id.*). For another, just because McAfee owns the account does not mean it is used for personal purposes. As the Court noted in its previous Opinion and Order, McAfee could use the Verizon account for business or commercial purposes, in which case the FDCPA would not cover the debt. *See Lewis v. Sole L., PLLC*, No. 22-1918, 2023 WL 11018147, at *2 (6th Cir. Nov. 17, 2023). All told, even considering McAfee's new allegation, he did not plausibly allege *facts* supporting the second element of his FDCPA claim, which dooms his Complaint.[2]

One issue remains—whether the Court should dismiss McAfee's Complaint with prejudice, or without. Ultimately, the Court opts for the former. The Court has already once found McAfee's complaint legally deficient on the "debt" element. *McAfee*, 2024 WL 5041024, at *3. And in the Court's Opinion and Order dismissing his previous complaint on those grounds, the Court specifically instructed McAfee that if he wished to cure that deficiency by amendment, he must "*allege facts* giving

---

[2] McAfee argues that, given his pro se status, the Court should hold his Complaint to a "less stringent standard[]" than it would if a formal attorney had drafted the Complaint. (Doc. 7, #40 (citation omitted)). While it's true that courts liberally construe pro se pleadings, those pleadings must nonetheless satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In other words, McAfee's Complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Wilson v. City of Dayton*, 14 F. Supp. 3d 900, 905 (S.D. Ohio 2014), *aff'd*, No. 14-3039 (6th Cir. June 13, 2014) (quoting *Iqbal*, 556 U.S. at 678). As explained, McAfee's Complaint fails to do so.

rise to a plausible inference that he owes a 'debt.'" *Id.* at *4 (emphasis added). As explained, McAfee's newly added conclusory allegation, in which he merely parrots the statutory text to the effect that the Verizon account "was originally obtained for personal, family, and household purposes," doesn't suffice. (Doc. 1-3, #16). Given the Court's previous express instructions, the Court can now assume that McAfee is unable to successfully amend his Complaint to plausibly state an FDCPA claim. *Gavaldon v. Stanchart Sec. Int'l, Inc.*, No. 16-cv-590, 2018 WL 1470244, at *2 (S.D. Cal. Mar. 26, 2018) ("When the Court has previously pointed out pleading defects and the plaintiff has failed to correct them by amendment, the Court may assume that the plaintiff cannot successfully amend."). And in any event, "[a] plaintiff is not entitled to unlimited chances to amend." *Andreae v. Cap. One*, No. 1:22-cv-618, 2024 WL 1579914, at *6–7 (S.D. Ohio Apr. 11, 2024) (quoting *United States ex rel. Kramer v. Doyle*, No. 1:18-cv-373, 2024 WL 1242301, at *4 (S.D. Ohio Mar. 22, 2024)). So the Court will dismiss McAfee's Complaint with prejudice.

## CONCLUSION

Because McAfee did not allege facts giving rise to a plausible inference that he owes a "debt" as the FDCPA defines that term, he has not sufficiently pleaded his 15 U.S.C. § 1692c(c) claim. And since the Court has previously dismissed McAfee's claim on that exact ground, the Court will not allow McAfee to amend or refile this claim. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 4) and **DISMISSES** McAfee's Complaint (Doc. 1-3) **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

6

**SO ORDERED.**

February 7, 2025
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**